UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

SAMUEL BELIZARIO,

                             Plaintiff,

                                                                       **ORDER**
                v.                                                 17-CV-3598 (MKB)

UNITED PARCEL SERVICES, INC. and
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 804,

                             Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Samuel Belizario commenced the above-captioned action in the Supreme Court of the State of New York, County of Kings, on May 2, 2017, against Defendant United Parcel Services, Inc. ("UPS") by filing a petition to vacate an award issued by the UPS Grievance Panel ("Grievance Panel Award"). (Notice of Removal, Docket Entry No. 1; Petition, annexed to Notice of Removal as Ex. 1, Docket Entry No. 1-1.) On June 14, 2017, UPS removed the case to this Court based on federal question jurisdiction. (Notice of Removal.) On July 31, 2017, Plaintiff filed an Amended Complaint, adding Defendant International Brotherhood of Teamsters Local 804[1] (the "Union"), and alleging that UPS breached the Collective Bargaining Agreement ("CBA") and that the Union breached its duty of fair representation under the Labor Management Relations Act, 29 U.S.C. § 141 *et seq*. (the "LMRA"). (Am. Compl. ¶¶ 2, 9, Docket Entry No. 9.)

       On October 17, 2017, UPS moved to (1) confirm the Grievance Panel Award pursuant to

---

[1] To date, Plaintiff has not served the Union with the Amended Complaint, even after Chief Magistrate Judge Roanne L. Mann discussed Plaintiff's failure to serve the Union at the Initial Conference Hearing on October 12, 2018. (Minute Entry dated Oct. 12, 2018, Docket Entry No. 20.)

Section 301(a) of the LMRA and the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, and (2) dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a hybrid section 301/fair representation claim. (UPS First Mot. to Dismiss ("UPS First Mot."), Docket Entry No. 15.) By Memorandum and Order dated September 24, 2018 (the "September 2018 Decision"), the Court granted UPS' motion to confirm the Grievance Panel Award and denied the motion to dismiss Plaintiff's hybrid section 301/fair representation claim. (September 2018 Decision, Docket Entry No. 18.)

Currently before the Court is UPS' motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a hybrid section 301/fair representation claim in view of the Court's determination confirming the Grievance Panel Award. (UPS Second Mot. to Dismiss ("UPS Second Mot."), Docket Entry No. 26; UPS Mem. in Supp. of UPS Second Mot. ("UPS Mem."), Docket Entry No. 26-1.) Plaintiff opposes the motion. (Pl. Mem. of Law in Opp'n to UPS Second Mot. ("Pl. Mem."), Docket Entry No. 26-3.) For the reasons set forth below, the Court grants UPS' motion to dismiss the Amended Complaint against UPS. The Court orders Plaintiff to show cause why the Court should not dismiss the Amended Complaint against the Union.

I. Discussion

a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough

2

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### b. The September 2018 Decision

In the September 2018 Decision, the Court construed the Amended Complaint to allege a "hybrid" claim under section 301 of the LMRA for UPS' alleged breach of the CBA and the Union's alleged breach of duty of fair representation. (September 2018 Decision 7.) The Court denied UPS' motion to dismiss the hybrid claim because Plaintiff's allegations as to the Union were sufficient to raise a plausible inference of bad faith[2] and also sufficient to allege a causal connection between the Union's conduct and Plaintiff's injuries. (*Id*. at 9–10.) However, the Court did not consider whether UPS breached the CBA because UPS' "arguments pertain[ed] only to the Union's alleged breach of [the] duty of fair representation . . . ." (*Id*. at 8.)

### c. Plaintiff's hybrid section 301 claim fails

UPS argues that Plaintiff's hybrid section 301 claim fails under the law of the case doctrine because the Court's September 2018 Decision confirming the Grievance Panel Award

---

[2] The Court found that Plaintiff's allegation "that the Union failed to raise an argument which was not only stronger than those it raised but also necessary for Plaintiff to present a full defense" was sufficient to plausibly allege a breach of the Union's duty of fair representation. (September 2018 Decision 11.)

3

"precludes Plaintiff's ability to prove that UPS violated the CBA, an essential element of a Hybrid claim." (UPS Mem. 5.)

Plaintiff argues that the law of the case doctrine is "inapplicable" to Plaintiff's hybrid claim and further argues that "[p]ursuant to the Court's [September 2018 Decision], . . . Plaintiff sufficiently pled the elements of the claim." (Pl. Mem. 4.) In addition, Plaintiff argues that it "makes no sense that the decision on the arbitration based on a standard favoring closure and limited evaluation be used to dismiss a claim at a stage where the standard favors hearing the claim on its merits." (*Id.*) Plaintiff further argues that UPS' motion is procedurally improper and that the "appropriate mechanism for UPS to raise its concerns is a motion pursuant to Rule 59(e) to amend or alter a judgment, which should have been filed within 28 days of the issuance of the judgment." (*Id.*)

A "suit, which alleges that the employer breached [a collective bargaining agreement] and that the union breached its duty of fair representation, is known as a hybrid [section] 301/fair representation claim." *Roy v. Buffalo Philharmonic Orchestra Soc'y, Inc.*, 682 F. App'x 42, 44 (2d Cir. 2017) (quoting *Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000)). Although "[a] plaintiff may sue the union or the employer, or both, [he] must allege violations on the part of both." *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 179 (2d Cir. 2001). A plaintiff must therefore "prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *Nelson v. Local 1181-1061, Amalgamated Transit Union, AFL-CIO*, 652 F. App'x 47, 49 (2d Cir. 2016) (quoting *White*, 237 F.3d at 178 (2d Cir. 2001)).

In the September 2018 Decision, the Court confirmed the Grievance Panel Award, thereby upholding UPS's termination of Plaintiff. Because the Court upheld Plaintiff's

termination, the Court necessarily found that UPS did not violate the CBA, an essential element of a hybrid claim. *See Bliesner v. Comm'n Workers of Am.*, 464 F.3d 910, 914 (9th Cir. 2006) (granting summary judgment to both the employer and the union on plaintiff's hybrid section 301/fair representation claim where the plaintiff failed to show that the employer breached the CBA); *Carrion*, 227 F.3d at 33 (finding that an "employee may sue the employer, the union, or both in a hybrid § 301/fair representation claim; to prevail the employee 'must not only show that [his] discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the [u]nion'" (quoting *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 165 (1983))); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (affirming the dismissal of a hybrid claim where the district court held that the employer had not breached the CBA, without reaching the fair representation issue); *Black v. Anheuser-Busch In Bev*, 220 F. Supp. 3d 443, 449 (S.D.N.Y. 2016) ("An employee's claim against his employer for breach of a collective bargaining agreement can therefore proceed only if the employee's union violated its duty of fair representation." (citations and internal quotation marks omitted)); *Tomney v. Int'l Ctr. for the Disabled*, 357 F. Supp. 2d 721, 738 (S.D.N.Y. 2005) ("It is well-settled that an employee may maintain a breach of contract action based upon a CBA directly against the employer only if 'the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" (quoting *Vaca v. Sipes*, 386 U.S. 171, 186 (1967))).

Contrary to Plaintiff's contention that the Court found that he had "sufficiently pled the elements of the claim," (Pl. Mem. 4), in the September 2018 Decision, the Court did not specifically address whether UPS violated the CBA since the Court only addressed whether to affirm the Grievance Panel Award. (September 2018 Decision 8 ("Because Defendant's arguments pertain only to the Union's alleged breach of duty of fair representation, the Court

5

addresses only that portion of Plaintiff's hybrid claim . . . .").)

Accordingly, the Court grants UPS' motion to dismiss Plaintiff's hybrid section 301/fair representation claim.

### d. Order to show cause as to Plaintiff's claim against the Union

Although Plaintiff filed his Amended Complaint on July 31, 2017, adding the Union as a Defendant, Plaintiff never served the Union with the Amended Complaint. At an initial conference hearing/settlement conference held on October 12, 2018, Judge Mann noted that "[d]espite the passage of more than a year, the [D]efendant Union still has not been served, and the time to effectuate service has long passed." (Minute Entry dated Oct. 12, 2018.) To date, Plaintiff has not served the Union with the Amended Complaint.

Plaintiff is ordered to show cause on or before August 14, 2019, why the Court should not dismiss his duty of fair representation claim against the Union.

## II. Conclusion

For the foregoing reasons, the Court grants UPS' motion and dismisses the hybrid section 301/fair representation claim. The Clerk of Court is directed to terminate UPS as a party to this action. In addition, Plaintiff is ordered to show cause, in writing, on or before August 14, 2019 why the Court should not dismiss his duty of fair representation claim against the Union.

Dated: August 6, 2019
      Brooklyn, New York

                                                SO ORDERED:

                                                    s/ MKB
                                              MARGO K. BRODIE
                                              United States District Judge